# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATELYN TINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 6:18-cv-6235 |
| ) | |
| DEPAUL ADULT CARE COMMUNITIES, ) | COMPLAINT |
| INC. ) | |
| ) | JURY TRIAL DEMAND |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title VII of the Civil Rights Act of 1964 and New York State Executive Law to correct unlawful employment practices on the basis of disability and to provide appropriate relief to an employee who was adversely affected by such practices. Defendant discriminated against Plaintiff on the basis of disability. At relevant times, Plaintiff suffered from Lupus, high-risk pregnancy, and non-Hodgkin's lymphoma. As a qualified individual with a disability, Defendant failed to engage in the required interactive process regarding Plaintiff's known disabilities when it failed to accommodate Plaintiff's reasonable requests for accommodation and when it subjected her to adverse consequences in employment (fired her) while she was in the hospital on January 24, 2017. On behalf of Plaintiff, for her complaint against Defendant DePaul Adult Care Communities, states as follows:

1

**Jurisdiction and Venue**

1.Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2.The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of New York, Rochester Division.

3.Venue of this action in the United States District Court for the Western District of New York is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff was employed and subjected to employment discrimination in the Western District, and a substantial part of the events giving rise to these claims, occurred in Rochester, New York.

4.All conditions precedent to the filing of this lawsuit have been met. Plaintiff timely dual-filed a charge of disability discrimination with the New York State Division of Human Rights ("NYSDHR") and the United States Equal Employment Opportunity Commission ("EEOC") prior to filing the instant action.

5.On 3/15/17, Plaintiff filed a verified complaint against Defendant in the NYSDHR and EEOC charging Defendant with unlawful discrimination which resulted in a "Probable Cause" Determination, issued by the NYSDHR in this case on 08/30/17. (See "Probable Cause" Determination attached as Exhibit "**A**" to Complaint).

6.     Plaintiff files the instant Complaint within 90 days from his receipt of the "Right To Sue Letter" she received from the EEOC. (Right To Sue Letter Attached as Exhibit "**B**" to Complaint).

## PARTIES

7.     Plaintiff, Katelyn Tinney, resides in Rochester, New York and at relevant times suffered from qualified disabilities (Lupus, high risk pregnancy and non-Hodgkin's Lymphoma) within the meaning of the ADA and NYS Executive Law Section 292, and was, at relevant times hereto, an employee of Defendant DePaul Adult Care Communities, Inc. where she was employed by Defendant from September 28, 2015 until January 24, 2017 as a "Medication Coordinator".

8.     Defendant, DePaul Adult Care Communities is a Domestic Not-For-Profit Corporation and authorized to conduct business in New York State where it employed Plaintiff at relevant times hereto. Defendant offers licensed adult homes that provide long- and short-term residential care to the aged, and employs more than 15 individuals at any given time.

9.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h), in Monroe County in the State of New York where it employed and fired Plaintiff at relevant times hereto and where it conducts its affairs in New York State, and within the jurisdiction of the Federal Court, Western District, New York and where it has continuously had at least 15 employees. .

**STATEMENT OF CLAIMS**

10. More than thirty days prior to the institution of this lawsuit, on 3/15/2017, Plaintiff, Katelyn Tinney, dual-filed a charge with the NYSDHR and the EEOC alleging violations of the ADA and State Executive Laws by Defendant Employer.

11. After investigation, the NYSDHR determined that PROBABLE CAUSE existed to believe that Defendant had engaged in unlawful discriminatory practices he complained of. (See Determination, Attached as **Exhibit "A"** Original Complaint).

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Plaintiff was hired by Defendant DePaul as a Medication Coordinator on September 28, 2015.

14. On January 24, 2017, Plaintiff, who suffered from Non-Hodgkin's Lymphoma and a high-risk pregnancy, left work due to said illnesses, after her physician ordered her to go to the hospital.

15. Plaintiff duly put Defendant on notice of her disabilities, the symptoms she was suffering, and that her doctor had ordered her to go to the hospital.

16. Notwithstanding the foregoing, while Plaintiff was being treated at hospital, Defendant called her on her cellular phone and summarily fired Plaintiff while she lay in her hospital bed.

17. Plaintiff, as a result of the termination, lost her health insurance, and her first prenatal appointment with an obstetrician.

18. More specifically, Plaintiff informed Defendant at her employment interview that she suffered from Lupus and that she was experiencing a High-Risk Pregnancy.

19. During Plaintiff's employment, Defendant disciplined Plaintiff for what should have been excused medical absences related to her disabilities.

20. Plaintiff's Program Director was put on actual notice of her disabilities.

21. Plaintiff was able to perform the essential functions of her position as a Medication Coordinator notwithstanding her disabilities.

22. Plaintiff required a reasonable accommodation in the form of occasional time off from work due to symptoms related to her lupus that she would occasionally experience, but at all times relevant hereto, Plaintiff did in fact perform the duties of her job satisfactorily.

23. During her employment, Plaintiff informed her superior, the Assistant Director, that she suffered from Lupus, high risk pregnancy and lymphoma, and that she would require time off from work occasionally if she suffered from symptoms of these disabilities.

24. The Assistant Director admitted to the NYSDHR Investigator (See Exhibit "**A**", Page 3) that she was told by her supervisors, Rachael Smith and Jill Schmidt, in pertinent part, "…that I could not take these into consideration, and her doctors notes meant nothing to them."

25. The Assistant Director further admitted to the NYSDHR that on January 24, 2017, Plaintiff was visibly ill, could barely stand up straight, was pale, and complaining of nausea, and could not work on that date as a result of these symptoms she was suffering.

25. The Assistant Director further admitted that Plaintiff told Rachel Smith on that date that she needed to leave and go to the hospital per her doctor's order, but that Rachel was non-cooperative and condescending, and told Katelyn that she could be reprimanded if she left work; and further, that she didn't care if Katelyn was sick, and that her attendance was being scrutinized by Human Resources.

26. On January 24, 2017, notwithstanding the foregoing, Katelyn Tinney followed her doctor's orders and went to the hospital, but not before she duly notified Defendant, by and through the Assistant Director, of same.

27. As was revealed at the NYSDHR Investigation, even though Plaintiff had doctor's notes for many of her absences, Defendant discouraged her from giving said notes to Defendant, and generally frowned upon Plaintiff's absences, notwithstanding that many were medically excused.

28. On January 24, 2017, Plaintiff had the misfortune of suffering not only from Lupus symptoms, but also the flu, thus requiring immediate hospitalization due to the fact that she was then suffering through a high-risk pregnancy.

29. Notwithstanding the foregoing, Defendant affirmatively chose not to engage in the required interactive process, and opted instead to fire Plaintiff via phone call, while Plaintiff was being treated for her lupus and flu symptoms from her hospital bed.

30. From time to time, including on January 24, 2017, Plaintiff's lupus caused Plaintiff to experience severe fatigue and achy joints, which occasionally required rest and/or hospitalization. On the date in question, she duly put her employer on notice of the fact that she was suffering said symptoms, and that her doctor had ordered her to go to the hospital. Nonetheless, Defendant summarily fired Plaintiff rather than to engage in the interactive process or to accommodate her reasonable request for time off of work, in violation of both State and Federal law.

31. Plaintiff was not only qualified to perform the tasks of her job, but she thrived at her job.

32. But for her disabilities and related symptoms, and her concomitant need for occasional time off from work, Defendant would not have terminated Plaintiff's employment.

33. It would not have been unduly difficult for Defendant to have accommodated Plaintiff with the needed time off from work because the amount of time off from work was not excessive, as will be proven at or before trial.

34. Defendant's disciplining of Plaintiff for medically excused absences prior to her termination was also discriminatory, and Plaintiff is entitled to relief for those write ups as well.

35. The effect of the practices complained of herein-above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability, and to otherwise have subjected her to emotional distress and physical and mental impairments for which emotional distress damages are justified.

36. The unlawful employment practices complained of herein above were intentional, and malicious, thereby entitling Plaintiff to punitive damages.

37. Defendant also discriminated against Plaintiff on the basis of disability in violation of N.Y. Exec. Law, Article 15 of the Human Rights Law, which Plaintiff includes as additional counts to the instant Complaint.

**Count 1: Disability Discrimination: (AMERICANS WITH DISABILITIES ACT AND N.Y. Exec. Law, Article 15 of the Human Rights Law):**

38. Defendant unlawfully discriminated against Plaintiff by failing to accommodate Plaintiff's reasonable requests for accommodation as set forth in this Complaint herein-above, the contents of which are incorporated herein by this reference, and instead fired her in violation of State and the Federal ADA.

39. Defendant discriminatorily disciplined and terminated Plaintiff's employment because she required medically excused time off from work due to symptoms related to Lupus and had high-risk pregnancy as well as symptoms related to Non-Hodgkin's Lymphoma.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against qualified individuals on the basis of age, or disability for disabled employees seeking reasonable accommodation for said qualified disability, or perceived disability.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with a disability, which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Katelyn Tinney, by providing appropriate back-pay and lost wages, including the value of lost benefits, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Katelyn Tinney by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein-above, including but not limited to: medical expenses, attorney's fees and all other out of pocket and anticipated expenses in amounts to be determined at trial.

E. Order Defendant Employer to make whole Katelyn Tinney by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices,

including the discrimination complained of herein-above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

S:/ James D. Hartt
**Bar #516129**
**JAMES D. HARTT, ESQ.**
**Attorney For Plaintiff**
**70 Linden Oaks, Third Floor**
**Rochester, NY 14625**
**Telephone: (585) 490-7100**
**Fax: (585) 425-0579**

```
ORIGINAL of the foregoing was
filed this  21st Day of March, 2018 with:
The Clerk of the Federal District Court
Western District, Rochester, New York
```